UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYAN KEMP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-27-ACL |
| | ) | |
| BRANDON KEMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Bryan Kemp's complaint for damages and injunctive relief. ECF 1. Because Plaintiff's motion appears to violate Federal Rule of Civil Procedure 11(b)(2), the Court orders Plaintiff to show cause why it should not dismissed.

The contents of Plaintiff's complaint strongly suggest it was drafted using generative artificial intelligence. Plaintiff has not verified the accuracy of the generated text. The Court notes the following problems with the complaint:

- There are questions throughout the complaint such as "Would you like me to add more counts or finalize this complaint?" and "Would you like me to add more fact groups?"
- Provides no information on the two named defendants
- Cites to "Exhibit A: Contract document," which is not attached
- Begins with counts 4, 5, and 6, but does not list the other counts
- The "fact groups" do not align with the counts as listed by Plaintiff
- Provides no facts for any of his claims. For example, he alleges an ADA violation without identifying what disability he has, how the violations relate to the defendants, or what the violation was
- Includes brackets where Plaintiff has not supplied pertinent information: "The estate of [deceased person's name] was involved, with Bryan Kemp as [relationship/beneficiary]."

*See Id.*

The Court will not waste judicial resources identifying all the inconsistencies and failures in the five-page complaint. The examples above suggest Plaintiff has violated Federal Rule of Civil Procedure 11(b)(2), which provides,

> By presenting to the court a pleading . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b)(2).

Although Plaintiff is proceeding without counsel, he is required to follow the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[P]rocedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff shall have **fourteen days** to show cause in writing why his complaint should not be dismissed.

Further, Plaintiff has not paid the $405 filing fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Therefore, within **fourteen days**, Plaintiff must also pay the $405 filing fee or file a complete and properly signed Application to Proceed in District Court Without Prepaying Fees or Costs on the proper form, which will be provided to him.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall show cause, in writing and within fourteen days of the date of this Order, why his complaint shall not be dismissed as a sanction for violation of Federal Rule of Civil Procedure 11(b)(2).

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the date of this Order**, Plaintiff Brayon Williams shall properly sign the Complaint and return it to the Court and shall either pay the $405 filing fee or file a complete and properly signed Application to Proceed in District Court Without Prepaying Fees or Costs.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this case without prejudice and without further notice.**

Dated this 2nd day of March, 2026.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE